IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| **TRACY RAWLINGS,**<br><br>          Plaintiff,<br><br>v.<br><br>**GILT EDGE FLOUR MILLS, INC.,**<br><br>          Defendant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 1:07CV31DAK |

  This matter is before the court on Plaintiff's Motion for Partial Summary Judgment.  The court held a hearing on the motion on June 11, 2008.  At the hearing, Plaintiff was represented by Bruce M. Franson and Robert H. Wilde, and Defendant was represented by Wayne K. Caldwell.  The court has fully considered the pleadings and memoranda submitted by the parties as well as the facts and law relevant to the present motion.  Accordingly, the court enters the following Memorandum Decision and Order.

BACKGROUND

  Plaintiff was an employee in Defendant's milling operations.  While working, Plaintiff's right index finger was amputated by a machine.  Plaintiff submitted a claim to the Workers' Compensation Division of the Utah Labor Commission and a claim to the Occupational Safety and Health Division of the Utah Labor Commission.  After being released to return to work, Defendant told Plaintiff that he was terminated because he was a poor employee with a negative

1

attitude.

Plaintiff's Second Cause of Action is a common law claim entitled "wrongful termination in violation of public policy, OSHA filing." Plaintiff claims under that cause of action that he was wrongfully terminated, in part, for filing a complaint with OSHA and the Health Division of the Utah Labor Commission. Defendant's Answer asserts as its third affirmative defense that "Plaintiff's second cause of action is barred because it is not a claim recognized under Utah law."

The parties agree that there are no disputed material facts relevant to the present motion.

## DISCUSSION

### Plaintiff's Motion for Partial Summary Judgment

Plaintiff argues that Defendant's third affirmative defense should be stricken because his claim for wrongful termination in violation of public policy is actionable under Utah law. Defendant argues that Plaintiff has no private right of action under the Utah Occupational Safety and Health Act ("Utah's OSHA statute"). Although Utah's OSHA statute specifically prohibits termination of an employee who files a complaint under the Act, Utah Code § 34A-6-203(1)(a), Plaintiff asserts that he has not brought his action under Utah's OSHA statute and is not trying to argue that the language of the Utah OSHA statute creates a private cause of action. Rather, Plaintiff is asserting a common law claim for wrongful termination in violation of public policy, and he relies on the language in the Utah OSHA statute to demonstrate that there is a public policy against retaliatory discharge.

Defendant argues that its affirmative defense should survive summary judgment because Plaintiff has not established that his cause of action exists under Utah law. No Utah court has specifically recognized a cause of action for wrongful termination in violation of public policy in

relation to an allegedly retaliatory discharge for filing an OSHA claim.  Plaintiff's motion for partial summary judgment, however, presents the issue for this court to decide, and Defendant has made no request for the issue to be certified to the Utah Supreme Court.  While a question of fact can allow a claim to survive summary judgment because it must be presented to a jury, a question of law must be decided by the court presented with the question.

In *Berube v. Fashion Centre, Ltd.*, 771 P.2d 1033, 1042 (Utah 1989), the Utah Supreme Court first recognized that "where an employee is discharged for a reason or in a manner that contravenes sound principles of established and substantial public policy, the employee may typically bring a tort cause of action against his employer."  Since *Berube*, the court has made clear that the exception only applies if the public policy violated is "clear and substantial." *Peterson v. Browning*, 832 P.2d 1280, 1281 (Utah 1992).

The *Touchard* court recognized that "'determining what employee conduct implicates or furthers a clear and substantial public policy is a still-developing inquiry.  Although we have established certain conduct that will almost always implicate a clear and substantial public policy . . . there are other situations that we will have to address as they come before us." *Touchard v. La-Z-Boy, Inc.*, 148 P.3d 945, 950 (Utah 2006) (quoting *Ryan v. Dan's Food Stores, Inc.*, 972 P.2d 395, 408 (Utah 1998)).  The court has recognized "four categories that invoke a 'clear and substantial public policy.'" *Id.* at 948.  This case presents the question of whether an allegedly retaliatory discharge in violation of Utah's OSHA statute falls under the recognized category of "discharging an employee for 'exercising a legal right or privilege.'" *Id.* at 948 (quoting *Ryan*, 972 P.2d at 408).

"'A public policy is "clear" only if plainly defined by legislative enactments,

3

constitutional standards, or judicial decisions.'" *Touchard*, 148 P.3d at 950.  In order to show that a "clear" public policy exists in this case, Plaintiff relies on the language of the statute and the language of *Winter v. Northwest Pipeline Corp.*, 820 P.2d 916, 918 n.2 (Utah 1991).  The Utah OSHA statute provides:  "(1) A person may not discharge or in any manner discriminate against any employee because: (a) the employee has filed any complaint or instituted or caused to be instituted any proceedings under or related to this chapter."  Utah Code Section 34A-6-203(1)(a).  In 1991, the Utah Supreme Court also noted that "Utah law prevents the termination of an employee because of the filing of a complaint related to the Utah Occupational Safety and Health Act of 1973."  *Winter v. Northwest Pipeline Corp.*, 820 P.2d 916, 918 n.2 (Utah 1991).  Defendant takes issue with Plaintiff's reliance of the language in *Winters* because such language is dicta in a footnote.  Although it is in fact dicta in a footnote, the language merely paraphrases the language of the OSHA statute which clearly proscribes the retaliatory termination of an employee for filing a complaint under the statute.  The court, therefore, concludes that Utah's OSHA statute and the Utah Supreme Court's language in *Winters* provide a clear policy that an employer cannot terminate an employee for exercising his or her right to file a claim or institute any proceedings under the OSHA statute.

Plaintiff also contends that the Utah OSHA statute creates a "substantial" public policy against the termination of an employee who participates in a proceeding under the statute. "[I]t is not enough that a public policy be clear; it must also be substantial."  *Touchard*, 148 P.3d at 950.  Courts use a two-part inquiry for determining whether a public policy is "substantial."  First, the court looks at "'whether the policy in question is one of overarching importance to the public as opposed to the parties only.'"  *Id.* (quoting *Retherford v. AT&T*, 844 P.2d 949, 966 (Utah 1992)).

"A policy that affects a duty that inures solely to the benefit of the employer and employee is generally insufficient to give rise to a substantial and important public policy." *Id.* Second, the court looks to "'whether the public interest is so strong and the policy so clear and weighty that [the court] should place the policy beyond the reach of contract, thereby constituting a bar to discharge that parties cannot modify, even when freely willing and of equal bargaining power.'" *Id.* (quoting *Retherford*, 844 P.2d at 966).

Plaintiff analogizes his cause of action to *Touchard v. La-Z-Boy, Inc.*, 148 P.3d 945 (Utah 2006), in which the court specifically allowed a wrongful termination in violation of public policy claim based on an allegedly retaliatory discharge resulting from the plaintiff's filing of a claim under the Utah Worker's Compensation Act.

In *Touchard*, the court explained that:

> It is true that Utah courts are reluctant to imply a private statutory cause of action in the absence of express statutory language. *Buckner v. Kennard*, 2004 UT 78, ¶ 40, 99 P.3d 842. In this case, however, we are not determining whether the Act includes a private statutory cause of action. Rather, we are applying our common law wrongful discharge cause of action to retaliatory termination for the exercise of rights guaranteed by the Act. Because wrongful discharge is a common law claim, this determination is entirely within our province.

*Id.* at 952.

Although the court had mentioned workers' compensation claims as an example of an employee exercising a legal right or privilege in a previous case, the issue was not specifically decided prior to *Touchard*. *Id.* at 949. The *Touchard* court held that the Worker's Compensation Act does create "clear and substantial" public policy under which the plaintiff could bring a wrongful termination cause of action. *Id.* at 948. The *Touchard* court analyzed the Workers'

5

Compensation Act and found that "the absence of an anti-retaliation provision does not diminish the Act's function as a source of clear and substantial public policy. There would be no more effective means of undermining the purposes behind the Act than allowing an employer to terminate an employee in retaliation for filing workers' compensation claims." *Id.* at 952. The court concluded that "an employee who has been terminated for exercising his or her workers' compensation rights has a wrongful discharge cause of action under the public policy exception to the at-will rule." *Id.* at 954.

In this case, Plaintiff's claim is brought under Utah's OSHA statute, which has a clear anti-retaliation provision. Defendant claims that the anti-retaliation provisions in Utah's OSHA statute weakens Plaintiff's claim because the statute provides societal remedies and penalties whereas the Workers' Compensation Act does not. The court, however, finds that the existence of an anti-retaliation provision in Utah's OSHA statute demonstrates a policy against retaliatory discharge that is even clearer than in *Touchard*. In addition, as in *Touchard*, there is a substantial public policy in workers being free to exercise their rights to file an OSHA claim. The OSHA statute demonstrates that society, in general, has an interest in maintaining safe workplaces and in ensuring an employee's ability to report workplace accidents free from the fear of termination. These public concerns outweigh a single employer's interest in regulating its own workplace environment. The court, therefore, concludes that Utah's OSHA statute can be a basis for a wrongful termination in violation of public policy claim under Utah law.

Accordingly, Defendant's third affirmative defense is stricken as a matter of law and Plaintiff's Motion for Partial Summary Judgment is granted.

## CONCLUSION

Based on the above reasoning, Plaintiff's Motion for Partial Summary Judgment is GRANTED, and Defendant's third affirmative defense is stricken.

DATED this 17th day of June, 2008.

_____
DALE A. KIMBALL
United States District Judge