IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| TRACY RAWLINGS, <br><br> Plaintiff, <br><br> v. <br><br> GILT EDGE FLOUR MILLS, INC., <br><br> Defendant. | MEMORANDUM DECISION <br> AND ORDER <br><br> Case No. 1:07CV31DAK |

      This matter is before the court on Plaintiff's Rule 59 Motion, Plaintiff's Motion to Certify Issue to Utah State Supreme Court, and Plaintiff's Motion to Award Attorneys Fees. These motions were filed in response to this court's Memorandum Decision and Order, dated August 21, 2008, granting Defendant's Motion to Disallow Attorneys' Fees. The parties have fully briefed the pending motions. The court concludes that a hearing would not significantly aid in its determination of the motion. The court has fully considered the memoranda submitted by the parties as well as the facts and law relevant to the present motion. Accordingly, the court enters the following Memorandum Decision and Order.

## DISCUSSION

      Plaintiff's Rule 59 Motion and Motion for Attorney's Fees are both motions to reconsider the court's prior August 21, 2008 Order denying attorney's fees. Plaintiff's Motion to Certify Issue to the Utah State Supreme Court asks the court to vacate its prior ruling and send the issue

1

to the Utah Supreme Court for determination.

It is within the court's discretion to reconsider a previous order. *Anderson v. Deer & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988). In *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981), the Tenth Circuit explained that

> When a court enunciates a rule of law in the course of a given case, the law of the case doctrine generally requires the court to adhere to the rule throughout the proceedings. 1B Moore's Federal Practice P 0.404(1) at 402-03. The rule is one of expedition, designed to bring about a quick resolution of disputes by preventing continued reargument of issues already decided. *Roberts v. Cooper*, 61 U.S. (20 How.) 467, 481, 15 L.Ed. 969 (1858); *White v. Murtha*, 377 F.2d 428, 431-32 (5th Cir. 1967). Unlike res judicata, the rule is not an "inexorable command," but is to be applied with good sense. *Murtha*, 377 F.2d at 431-32; *see Uniformed Sanitation Men Ass'n, Inc. v. Commissioner of Sanitation*, 426 F.2d 619 (2d Cir. 1970), *cert. denied*, 406 U.S. 961, 92 S. Ct. 2055, 32 L.Ed.2d 349 (1972). When a lower court is convinced that an interlocutory ruling it has made is substantially erroneous, the only sensible thing to do is to set itself right to avoid subsequent reversal. *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1121 (10th Cir.), *cert. denied*, 444 U.S. 856, 100 S. Ct. 116, 62 L.Ed.2d 75 (1979), 1B Moore's Federal Practice P 0.404(1) at 407. . . . Courts have generally permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous. *See Fuhrman v. United States Steel Corp.*, 479 F.2d 489, 494 (6th Cir.), *cert. denied*, 414 U.S. 859, 94 S. Ct. 71, 38 L.Ed.2d 110 (1973); *Murtha*, 377 F.2d at 431-32.

A motion for reconsideration, however, is an "inappropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of the Paracletes v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* A motion to reconsider must be made upon grounds other

than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court.

The court's previous order recognized that there may be some ambiguity in the language of Utah state case law.  That ambiguity, however, did not impede the court's ability to make a determination on the issue.  The court believes that its prior ruling is fully analyzes the attorney's fees issue.  None of Plaintiff's's arguments persuade the court that its prior order was erroneous.  The court concludes that Plaintiff merely rehashes its prior position and to the extent that it advances new arguments, such arguments were available to it at the time of the original motion.  Therefore, Plaintiff's arguments are inappropriate to raise in a motion for reconsideration.

In addition, Plaintiff argues that the proper procedure in this case would have been to certify the issue to the Utah Supreme Court.  The Motion to Disallow Attorneys' Fees was fully briefed and neither party sought certification.  In any event, the court does not find that the issue requires certification.  There is adequate case law under Utah law from which to make a determination on the issue.

Plaintiff's arguments consist of disagreements with the court's conclusions and a rehashing of issues already dealt with by the court or issues that could have been raised during the briefing on the previous attorneys' fees motion.  Plaintiff has not demonstrated that the court misapprehended the facts or misunderstood its arguments.  Nor has Plaintiff raised any new issues that call into question the correctness of the court's prior order.  Plaintiff should raise his disagreements with this court's analysis on appeal.  The court declines to exercise its discretion to reconsider or revise its August 21, 2008 Memorandum Decision and Order.  The court also declines to certify the issue to the Utah Supreme Court.

## CONCLUSION

Based on the above reasoning, Plaintiff's Rule 59 Motion is DENIED, Plaintiff's Motion to Certify Issue to Utah State Supreme Court is DENIED, and Plaintiff's Motion to Award Attorneys Fees is DENIED.

DATED this 20th day of October, 2008.

_____
DALE A. KIMBALL
United States District Judge