ROBERT H. WILDE #3466
wilderh@qwest.net
BRUCE M. FRANSON #10792
brucefranson@qwest.net
ROBERT H. WILDE, ATTORNEY AT LAW, P.C.
Attorneys for Plaintiff
935 East South Union Avenue Suite D-102
Midvale, Utah 84047
Telephone:  (801) 255-4774

*Attorneys for Plaintiff*

---

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| TRACY RAWLINGS,<br><br>                    Plaintiff,<br><br>    vs.<br><br>GILT EDGE FLOUR MILLS, INC.,<br><br>                    Defendant. | **RESPONSE TO DEFENDANT'S MOTION TO DEPOSIT PAYMENT WITH CLERK**<br><br><br><br>Civil No. 1:07cv00031 DAK |

COMES NOW, Plaintiff and submits this RESPONSE MEMORANDUM TO

DEFENDANT'S MOTION TO DEPOSIT PAYMENT WITH CLERK.

**ARGUMENT**

*1.  Jurisdiction*

As an initial matter, the Defendant's Motion to Deposit Payment With the Clerk should be

dismissed for lack of jurisdiction.  On October 28, 2008, the Plaintiff filed a Notice of Appeal,

appealing the Judgement, the Court's Order granting the Defendant's Motion to Disallow Attorney's fees, and the Court's Order simultaneously denying the Plaintiff's Rule 59 Motion, Motion for Attorney's Fees, and Motion to Certify Issue to State Supreme Court.  Once the appeal is filed, jurisdiction is transferred to the Appeals court.  "Ordinarily, filing notice of appeal operates to transfer jurisdiction of case from district court to Court of Appeals thus precluding district court from proceeding in any aspect of case other than to act in aid of appeal" *Macon v. Bailar,* 428 F Supp 182, (ED, VA. 1977); "Once appeal is taken, jurisdiction passes to appellate court and District Court cannot thereafter amend order appealed from without leave of Court of Appeals, except as provided by Rule 62(c)" *Turner v. HMH Pub. Co.*, 328 F2d 136, (5th Cir. 1964).  This Court does not currently have jurisdiction over this matter and the Defendant's motion should therefore be dismissed.

### *2.  Propriety of Deposit*

Even if the District Court exercises jurisdiction over this motion, allowing the deposit now would not support the purpose of F.R.C.P. 67 and the creation of such deposits.  "[the] [p]urpose of Rule 67 is to permit stakeholder in pending action, by simple preliminary motion, to deposit money in court for ultimate disposition, and thus avoid expense and delay of litigation." *United States v McDonald Grain & Seed Co.*, 135 F. Supp. 854 (Dist. ND, 1955).  In the current situation, we have concluded litigation and have moved on to appeal.  The purpose of this appeal is not to object to the amount awarded, but rather to the refusal to award attorneys' fees.  There is no reason, then, to deposit any amount with the court as there is no question that the amounts at issue in the Defendant's Motion are owed.

Additionally, an order requiring the Plaintiff to accept the payment has the potential to
compromise the currently pending appeal. It is a long-standing judicial rule that if a judgment is
paid and voluntarily accepted, a judgment will be deemed satisfied and any appeal will be moot.
*Sierra Nevada Mill Co. v. Keith-O'Brien Co.*, 48 Utah 12, 156 P. 943 (1916). There are exceptions
to the rule, most notably that "If a judgment is entered as to one part of a controversy, which is
separate and distinct from another part, and the disposition of the latter cannot affect the disposition
of the former, a party may accept the money or property to which he is entitled, and not be deemed
to waive his right to appeal as to other independent claims which the court refused to grant." *Jensen
v. Eddy*, 30 Utah 2d 154, 514 P.2d 1142 (1973). Defendant has argued that this is the case in the
current matter, and that Plaintiff's appeal of the denial of attorney's fees does not affect the
judgment for the Plaintiff on the substantive issues. However, the judgment presented to the District
Court Judge to sign contained language awarding appeals that was lined out by the Judge prior to
signing the judgment. Plaintiff has therefore been put in the position that he is appealing the
judgment itself, even if only partially. Defendant cannot therefore argue that the judgment award is
independently sound, as other parts of the judgment are currently being appealed.

Defendant has also argued that an Order from this Court allowing the deposit to be made
with the clerk would preserve the Plaintiff's appeal. Contrary to their claim, there is no law either
supporting or denying this position. The case cited by the Defendant, *Klein v. Grynberg*, 44 F.3d
1497 (10th Cir. 1995), is not on point. In that case, the Court did not order the prevailing party to
accept the partial award they received, rather the plaintiffs voluntarily but under protest chose to
accept an unsatisfactory judgment on a breach of fiduciary duty claim in order to collect a
satisfactory judgment on a breach of contract claim while appealing the breach of fiduciary duty

claim.  The Plaintiffs were in the position where they could not accept the satisfactory judgment

unless they accepted the unsatisfactory judgment as well.  That is not the situation in the case at

hand, and *Klein* offers no further insight as to whether a deposit with the Court would be proper in

this particular case.

### 3.  Amount Deposited

If the Court goes so far as to allow the Defendant to deposit the judgment with the Court, a

proper figure will be necessary.  Defendant has noted that the Plaintiff is entitled to "10% per

annum" "on special damages actually incurred from the date of the occurrence of the act giving rise

to the cause of action."  Ut. Code Ann. §§ 15-1-1(2) and 78B-5-824.  Defendant then proceeds to

figure interest on the special damages award of $14,472.00 from January 8, 2007, the date Mr.

Rawlings obtained new and better employment, through August 21, 2008, the date of the judgment.

This is an incorrect figure.  Ut. Code Ann. § 78B-5-824 states that interest is to be calculated "*from

the date of the occurrence of the act giving rise to the cause of action*" (emphasis added).  It was not

the Plaintiff's new employment in January, 2007, that gave rise to the cause of action, it was his

termination on February 15, 2006.

Accordingly, the Plaintiff is entitled to 10% simple interest per annum on $14,472.00 from

February 15, 2006, through August 21, 2008, ( 2 years and 128 days, or 2.35 years) in the amount of

$3,400.92.

If Defendant is allowed to make payment into the Court registry, then, payment should be as

follows:

| | |
|---|---|
| $18,472.00 | Judgment Amount |
| $3,400.92 | Prejudgment Interest |
| $250.29 | Post Judgment Interest (as figured by Defendant) |
| **$22,123.21** | **Total** |

## CONCLUSION

Due to the pending appeal, this Court does not have the proper jurisdiction to address the

Defendant's Motion to Deposit with the Court and therefore the Motion should be dismissed.

However, even if the Court chooses to entertain the motion, the purpose of Rule 67 does not allow

for a deposit under the current circumstances, and to allow one would potentially compromise the

Plaintiff's pending appeal.  Even if such deposit were allowed, the amounts proposed by the

Defendant are improper and should be adjusted to match the figures shown above.

DATED this 2nd day of December, 2008.


/s/
BRUCE M. FRANSON
Attorney for Plaintiff

**Delivery Certificate**

I hereby certify that a true and correct copy of the foregoing RESPONSE MEMORANDUM

to be served by the method(s) indicated below and addressed to the following on this 2nd day of

December, 2008.

Marty E. Moore
Wayne K. Caldwell
BEARNSON & PECK, L.C.
399 North Main
Suite 300, Third Floor
Logan, Utah 84321

mmoore@cachelaw.com, firm@cachelaw.com

Delivered:

( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
( ) E-mail
(XX) CM/ECF Posting

/s/
BRUCE M. FRANSON
Attorney for Plaintiff