## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **TRACY RAWLINGS,** | |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| **GILT EDGE FLOUR MILLS, INC.,** | Case No. 1:07CV31DAK |
| Defendant. | |

This matter is before the court on Defendant Gilt Edge Flour Mills' Motion to Deposit Payment of Judgment with Clerk or, in the Alternative, Order Mr. Rawlings to Accept Payment. Plaintiff has filed an opposition to Defendant's motion.  Defendant, however, has not replied. Because the time for filing such reply has passed, the court took the motion under advisement. The court concludes that a hearing would not significantly aid in its determination of the motion. The court has fully considered the memoranda submitted by the parties as well as the facts and law relevant to the present motion.  Accordingly, the court enters the following Memorandum Decision and Order.

## BACKGROUND

On July 2, 2008, Plaintiff received a jury verdict against Defendant in the amount of $18,472.00.  The court entered Judgement in favor or Plaintiff for $18,472.00 plus interest, but did not grant Plaintiff's request for attorney's fees.  On October 28, 2008, Plaintiff appealed the

1

court's ruling with respect to attorney's fees.

## DISCUSSION

Defendant seeks an order allowing it to deposit the judgment amount plus interest with the court pending Plaintiff's appeal.  Plaintiff argues that this court lacks jurisdiction to hear the present motion while the case is on appeal.  Plaintiff also argues he should not be required to accept payment of the judgment amount because it has the potential to compromise his pending appeal and that Rule 67 is not an appropriate vehicle for the deposit of the judgment amount. Finally, Plaintiff disputes the amount Defendant seeks to pay.

As a general rule, courts treat a notice of appeal as a transfer of jurisdiction from the district court to the circuit court.  *See* Moore's Federal Practice §303.32[1].  The Supreme Court has stated that the filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).   The district court's role pending appeal is limited to performing ministerial functions and preserving the status quo.  *Newton v. Consolidated Gas Co.*, 258 U.S. 165, 177 (1992) ("trial court may . . . preserve the status quo until decision by the appellate court . . . [b]ut it may not finally adjudicate substantial rights directly involved in the appeal.") Circuit courts have also recognizes that there are exceptions to *Griggs* and that the divestiture of jurisdiction rule is not a per se rule because it is guided by concerns of efficiency.  *See, e.g., United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996), *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 97 (3d Cir. 1988); *Prater v. Commerce Equities Mgt Co.*, 2009 WL 172826, *1 (S.D. Tex. 2009) (identifying four exceptions recognized by Fifth Circuit).

The court does not believe that a resolution of the present motion regarding Defendant's

payment of the jury verdict impacts the attorney's fees that is currently on appeal.  Plaintiff, however, argues that his acceptance of the judgment would impact his appeal.  If a judgment is paid and voluntarily accepted, a judgment will be deemed satisfied and any appeal will be moot. *Sierra Nevada Mill Co. v. Keith-O'Brien Co.*, 156 P. 943 (1916).  However, Plaintiff acknowledges that there are exceptions to this rule.  "If a judgment is entered as to one part of a controversy, which is separate and distinct from another part, and the disposition of the latter cannot affect the disposition of the former, a party may accept the money or property to which he is entitled, and not be deemed to waive his right to appeal as to other independent claims which the court refused to grant."  *Jensen v. Eddy*, 514 P.2d 1142 (1973).

In this case, Plaintiff received a jury award for the judgment amount and sought attorneys fees from the court.  The court determined that Plaintiff's claim did not entitle him to an award of attorneys' fees, and Plaintiff appealed the court's ruling with respect to attorneys' fees.  The jury award and the court's ruling on attorneys' fees are distinct and separate issues.  Nothing on appeal could alter the jury verdict.  Plaintiff, however, asserts that the Judgment entered by the court crossed out Plaintiff's proposed language awarding attorneys fees and is thus part of what is being appealed.  The court finds no sound basis for this assertion.  The court issued a Memorandum Decision and Order analyzing and ruling on the attorneys' fees issue.  The fact that the court crossed out language in a proposed judgment does not mean that the judgment is what is being appealed.  Crossing out the language merely deleted language.  It did not give the language any significance.

While the court does not believe that Plaintiff's appeal would be compromised in any way if he accepted payment of the judgment amount from Defendant, there is no case law cited

by either party that would require Plaintiff to accept payment.  The court is not inclined to require

a party to accept payment when there is no law cited that would require him to do so.  In

addition, the court does not believe that Rule 67 is intended for the purpose Defendant wishes to

use it.  The "[p]urpose of Rule 67 is to permit stakeholder in pending action, by simple

preliminary motion, to deposit money in court for ultimate disposition, and thus avoid expense

and delay of litigation."  *United States v. McDonald Grain & Seed Co.*, 135 F. Supp. 854

(D.N.D. 1955).  Accordingly, the court denies Defendant's Motion to Deposit Payment of

Judgment with Clerk or, in the Alternative, Order Mr. Rawlings to Accept Payment..

DATED this 6th  day of March, 2009.

DALE A. KIMBALL
United States District Judge